UNITED STATE DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

RECEIVED
USDC CLERK, GREENVILLE, SC

2005 MAY 16  A 10 45

| | |
|---|---|
| Jason Alan Meneley,<br><br>       Plaintiff,<br><br>vs.<br><br>South Carolina Highway Patrol and<br>James T. Edwards,<br><br>       Defendants. | Civil Action No.: 8:04-1867-GRA<br><br>**ORDER GRANTING SUMMARY<br>JUDGMENT TO DEFENDANT SOUTH<br>CAROLINA HIGHWAY PATROL**<br>(Written Opinion) |

This matter comes before this Court on Defendant South Carolina Highway Patrol's Motion for Summary Judgment. A hearing was held April 25, 2005. Present were Stephen Suggs, Esquire, counsel for the Plaintiff; Sheally Venus Poe, Esquire, counsel for the South Carolina Highway Patrol; and, Roy Laney, Esquire, counsel for James T. Edwards. At the beginning of the hearing, Plaintiff voluntarily dismissed Defendant James T. Edwards from the action.

With regard to the remaining Defendant, South Carolina Highway Patrol, Plaintiff's sole cause of action is founded upon negligence. Under South Carolina law a plaintiff, in order to prevail upon a negligence cause of action must prove three elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." *Talkington v. Atria Reclamelucifers Fabrieken BV,* 152 F.3d 254, 264 (4th Cir. 1998).

In this case, Plaintiff, through counsel at the hearing of this matter, has admitted that he sustained no physical damages; nor has Plaintiff substantiated any treatment for either medical or mental injuries. As a consequence, Plaintiff has failed to prove a necessary element of his cause of action. Consequently, Defendant South Carolina Highway Patrol is entitled to the granting of



1

summary judgment.[1] As a result of this ruling, it is unnecessary for the Court to address any of Defendant's other grounds seeking summary judgment.[2]

Even if this Court were to deny the Defendant South Carolina Highway Patrol's Motion for Summary Judgment, this Court would dismiss the action for lack of subject matter jurisdiction as there is no remaining federal question and no diversity of citizenship. *See* 28 U.S.C. §1331 (federal question); 28 U.S.C. §1332 (diversity of citizenship).

IT IS THEREFORE ORDERED that summary judgment is GRANTED in favor of the Defendant South Carolina Highway Patrol.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
May 12, 2005

---

[1] Even had Plaintiff asserted a constitutional violation under the Fourteenth Amendment, it is clear that he could not have prevailed due to the *de minimis* nature of any claimed damages. *Riley v. Dorton,* 115 F.3d 1159, 1166 (4th Cir. 1997) (en banc).

[2] Defendant has asserted that this action may be dismissed under the Eleventh Amendment to the United States Constitution.

